IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| TOMMY EUGENE DOTSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-715-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| Texas Department of Criminal | § | |
| Justice, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Tommy Eugene Dotson is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 24, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Dotson file objections, if any, thereto by November 14, 2007. On November 2, 2007, Dotson filed a motion for extension of time to file objections to the FC&R. The court granted the motion and gave petitioner until December 14, 2007,

to file his objections. On November 7, 2007, Dotson filed objections to the FC&R.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Dotson appears to make two specific objections to the FC&R. First, he maintains that his constitutional rights were violated by the trial court's finding of recklessness (ground five raised in his original petition). Second, he objects to the magistrate judge's conclusion that grounds two and four raised in his original petition are procedurally barred for failure to exhaust.

The court concludes that all of Dotson's objections are without merit. First, regarding ground five, the state appellate court found that a finding of recklessness did not require that the defendant actually intend serious bodily injury or death, as Dotson asserts, rather, the statute encompasses conduct that threatens deadly force. Because this court will not review a

2

state court's interpretation of its own law, that objection is without merit. With respect to Dotson's objections to the FCR regarding his claims for prosecutorial misconduct and for violation of double jeopardy (grounds two and four), there is no question that such claims are barred for failure to exhaust. As the magistrate judge concluded, Dotson failed to present those claims in state court so that they could be reviewed on their merits. Thus, the claims are unexhausted for purposes of federal habeas review. See Martinez v. Johnson, 255 F.3d 229, 238 (5th Cir. 2001). Further, Dotson has failed to show cause for his failure to exhaust and resulting prejudice, or that this court's failure to consider his claim will result in a miscarriage of justice. See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992). Consequently, grounds two and four must be dismissed without prejudice for failure to exhaust.

Therefore,

The court accepts the findings and conclusions of the magistrate judge and ORDERS that Dotson's petition in this action be, and is hereby, denied with respect to grounds one, three, and five raised in the petition.

The court further ORDERS that Dotson's petition be dismissed without prejudice for failure to exhaust with respect to grounds two and four raised in the petition.

SIGNED January 28, 2008.

JOHN McBRYDE
United States District Judge

4